IN THE UNITED STATES DISTICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **FRANCIS PAUL RIPP,** ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
| ) | **CIVIL ACTION NO:** |
| v. ) | |
| ) | _____ |
| **JACK BURRELL, IN HIS OFFICIAL** ) | |
| **CAPACITY AND INDIVIDUALLY,** ) | |
| ) | |
|   Defendant. ) | |
| ) | |

## COMPLAINT

### JURISDICTION

1. This action is brought primarily pursuant to 42 U.S.C. §§1983 and 1988, as well as the First Amendment and the Fourteenth and Fourth Amendment to the United States Constitution. This Court has jurisdiction of the primary claims pursuant to 28 U.S.C. §§ 1331 and 1334. This action also alleges certain claims based is state law. Plaintiff requests this court exercise supplemental jurisdiction over said claims pursuant to 28 U.S.C. § 1367 in that the state claims are so related to the facts giving rise to Plaintiff's federal question claims they form part of the same case or controversy.

### VENUE

2. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 (b). The primary defendant, Jack Burrell, resides within the city limits of the City of Fairhope,

which is within this district and division. The actions at issue took place within the district and division.

## PARTIES

3. Plaintiff, Francis Paul Ripp ("the Plaintiff"), is a resident of the City of Fairhope.
4. Defendant City Council President, Jack Burrell, both in his official and individual capacity.

## STATEMENT OF FACTS

5. The City of Fairhope ("the City") has two regularly scheduled council meetings a month. The City video records their council meetings.
6. The Council President presides over council meetings.
7. On August 28, 2017, the City Council had the second meeting of the regularly held meetings for the month of August. Exhibit 1 is a certified copy from the City Clerk of Fairhope of the video of the August 28, 2017, meeting.
8. The Plaintiff was in attendance at this City Council meeting.
9. The Plaintiff, a resident of the City and likewise a tax payer, by nature has standing to speak at public council meetings held in the City.
10. The Plaintiff, during the public participation portion for items not on the agenda, attempted to approach the podium to speak.
11. The Plaintiff had not yet started speaking when The City Council President denied the Plaintiff to speak.

12. The City Council President then went into an outrageous verbal assault against the Plaintiff.

13. The City Council members gave tacit approval of this verbal barrage by saying nothing and doing nothing to stop it.

14. During this tirade the City Council President called for the chief of Police to escort the Plaintiff back to his seat.

15. Before he finished his rant, the Council President threatened the Plaintiff by stating "You say another word and you're going to jail". The City Council President was also acting beyond his official capacity when he threatened with this statement.

### FIRST CAUSE OF ACTION
### VIOLATION OF ORDINANCE NO. 1587

16. Plaintiff, incorporates by reference all proceeding paragraphs as if fully restated here.

17. The Defendant violated the City's Council Rules of Procedure as articulated in Ordinance 1587 (see exhibit).

18. This Ordinance on its face is clear. Section 12 of Ordinance 1587 allows for citizen participation.

19. The citizens of the City have a right granted by City Ordinance 1587, the First, and Fourteenth amendments of Constitution of the United States.

20. The Defendant knew or should have known that the Plaintiff had a right to speak.

21. The Plaintiff was berated in front all of those who present.

22. The City Council President embarrassed and humiliated the Plaintiff, causing the Plaintiff to suffer grave emotional stress.

23. Clearly the City Council President was acting beyond his presumption of qualified immunity.

24. The City Council President's language and his tone and tenor were clearly an attack on the Plaintiff personally as well as an affront against civil liberty.

25. Whether, the City Council President's actions were carried out under the color of law or as an individual citizen the result was the same; the City Council President denied the Plaintiff's right to speak

WHEREFORE, PREMISES, CONSIDERED, the Plaintiff demands judgment against the Defendant for such compensatory and punitive damages as may be assessed, along with pre and post judgment interest, costs, and attorney fees, as applicable and all other further or different relief that the Court may allow.

## SECOND CAUSE OF ACTION
## VIOLATION AND DEPROVATION
## OF RIGHTS GUARENTEED BY THE FIRST AMENDMENT

26. Plaintiff adopts, realleges, and incorporates by reference paragraphs 1-25 above as fully set forth herein.

27. Plaintiff is cognizant the City Council President has the continuing ability to maintain decorum at council meetings by ordering disruptive individuals to immediately leave the City Council chambers.

28. Maintaining decorum does not provide for prospective exclusions from a forum intended for public discourse and debate.

29. Before attempting to speak, the Plaintiff sat quietly in the back of the council chambers for one hour without saying a word.

30. Plaintiff disturbed no one, his conduct offended no one, and his actions incited no violence.

31. The Plaintiff can't accept the City Council President or any city official ordering him out of the building.

32. No federal appellate court opinion has ever held that the First Amendment permitted such exclusions from City Council sessions.

33. Mere speculation that some persons may make others feel unsafe is an insufficient basis upon which to erect a governmental bar to speaking.

34. The Defendant denied the Plaintiff his right to speak.

35. The Defendant infringed the Plaintiff's First Amendment right of free speech.

36. A permanent injunction will protect the First Amendment rights of the Plaintiff and other similarly situated individuals without unduly burdening defendants.

37. A contrary holding might lead to officials shutting the government's doors to those whose viewpoints the government finds annoying, distasteful, or unpopular. This could become a convenient guise for censoring criticisms directed at the more powerful.

38. There is little doubt that the purpose of denying the Plaintiff the right to speak was outright censorship.

39. There is no evidence that the Plaintiff was going to threaten anyone with violence or incite others to violence.

40. The Plaintiff was clearly denied his First Amendment right of free speech.

41. Our democratic republic is not so fragile and our First Amendment is not so weak to bar a 71-year-old Vietnam veteran a moment or two to express his viewpoint.

42. The Plaintiff could have intended to come up to the microphone and thank the City Council for the new internet portals at the library, but through the outrageous conduct of the City Council President, we shall never know.

43. When the Plaintiff's comments are excluded, the rights of the republic and the First Amendment are in peril.

WHEREFORE, PREMISES, CONSIDERED the Plaintiff demands judgment against the Defendant for such compensatory and punitive damages as may be assessed, along with pre and post judgment interest, costs and attorney fees as applicable. Further, the Plaintiff demands a permanent injunction against the Defendant and any and all further or different relief that this court sees fit.

### THIRD CAUSE OF ACTION
### DEPROVATION OF RIGHTS
### GUARENTEED BY THE FOURTEENTH AMENDMENT

44. Plaintiff adopts, realleges, and incorporates by reference by reference paragraphs 1-43 as fully set out above.

45. The Fourteenth Amendment of the United States Constitution expands the rights of its citizens to the states.

46. Any council member comment will be weighed by the statutory definition as to whether it relates to public business or public policy over which the governmental body has supervision and control.

47. The issue of supervision and control has generally been held to be a fact issue for the determination of the trier of fact.

48. It should also be expected that any comment or remark from a city council member or high official with the city is a matter of special interest to the public.

49. The City Council President has control of all city council meetings.

50. On August 28, 2017, the Defendant, as an actor of the state, exercised his power to control the meeting by denying the Plaintiff an opportunity to speak.

51. The Plaintiff is a citizen who was escorted out of a meeting and not allowed to speak.

52. Plaintiff was otherwise prevented from making comments through the actions of the Defendant.

53. The depravation of a speaker's First and Fourteenth Amendment right is not generally worth the lost three minutes that the council might grant him/her.

54. However, the Plaintiff is keenly aware that such actions, when exercised improperly, are not just a depravation of the Plaintiff's rights but to all future citizens who wish to speak as well.

55. When a prospective speaker such as the Plaintiff is threatened with "shut up or you're going to jail" is unacceptable and has a chilling effect on citizen comment.

56. The abuse of power directed at the Plaintiff by the Defendant is not tolerable in a free society.

57. Likewise, and in general, the way the Plaintiff was spoken to by the Defendant, is unacceptable.

WHEREFORE, PREMISES, CONSIDERED the Plaintiff demands judgment against the Defendant for such compensatory and punitive damages as may be assessed, along with pre and

post judgment interest, costs and attorney fees as applicable. Further, the Plaintiff demands a permanent injunction against the Defendant and any and all further or different relief that this court sees fit.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983

58. Plaintiff adopts, realleges, and incorporates by reference paragraphs 1-57 above as if fully set forth herein.

59. The Defendant deprived the Plaintiff of his federal and state rights of free speech.

60. The Defendant violated the Plaintiff's right to speak during the public participation portion of the meeting of August 28, 2017.

61. The Plaintiff avers that Exhibit 1 will show the Defendant acted under the color of law and the Plaintiff was denied an opportunity to speak.

62. The Plaintiff was injured and humiliated by the comments of the Defendant, whether acting in his official capacity or individually.

63. The Plaintiff's rights were violated when he was not allowed to speak to the city council.

64. The misuse of power, is clear. No one person is state law. Rather it is vested in the City Council as a whole. However, one member may improperly use his power as City Council President to the detriment of the body. In this matter, it is an unacceptable overreach.

65. The egregious actions against the Plaintiff raise a question of fact whether the Defendant at that moment in time was speaking within his official capacity or not.

66. Further, the other members of the City Council knew or should have known that the Defendant's words trashed the concept of free speech. Yet, no one questioned the Defendant.

67. Plaintiff does not know if conversations were held by the city council and the Defendant prior to the city council meeting of August 28, 2017.

68. Plaintiff believes this issue is better left to the trier of fact.

69. Plaintiff does not know if the Defendant was acting in his official or individual capacity.

WHEREFORE, PREMISES, CONSIDERED the Plaintiff demands judgment against the Defendant for such compensatory and punitive damages as may be assessed, along with pre and post judgment interest, costs and attorney fees as applicable. Further, the Plaintiff demands a permanent injunction against the Defendant and any and all further or different relief that this court sees fit.

## FIFTH CAUSE OF ACTION
## TORT OF OUTRAGEOUS CONDUCT

70. Plaintiff adopts, realleges and incorporates by reference paragraphs 1-69 above as fully as if set forth set forth herein.

71. There can be little dispute that the conduct of the Defendant at the meeting of August 28, 2017, was outrageously directed at the Plaintiff.

72. The Defendant, through his words and threats, inflicted the Plaintiff with great emotional pain.

73. The Plaintiff was humiliated in front of those present at the meeting, but also to all those who viewed the video of the meeting. All the public meeting videos are archived on the City's website.

74. Plaintiff had no other choice but to believe the words of the Defendant were intentional and menacing.

75. No elected official should be allowed tell a citizen "say another word and you're going to jail".

76. Whether the Defendant was acting officially or individually matters not. Either way the actions of the Defendant were a violation of Ordinance No. 1587, the First and Fourteenth Amendment of the United States Constitution, and U.S.C. 42 § 1983.

77. The actions set forth in detail clearly show that the actions taken were both arbitrary and capricious, unreasonable, unconstitutional, and void in that it prohibits free speech.

WHEREFORE, PREMISES, CONSIDERED the Plaintiff demands judgment against the Defendant for such compensatory and punitive damages as may be assessed, along with pre and post judgment interest, costs and attorney fees as applicable. Further, the Plaintiff demands a permanent injunction against the Defendant and any and all further or different relief that this court sees fit.

**<u>A JURY TRIAL BY A STRUCK JURY IS DEMANDED</u>**

**<u>FOR ALL ISSUES THAT CAN BE DECIDED BY A JURY</u>**

Respectfully submitted,

<u>/s/ Gregory L. Morris</u>

Attorney for Plaintiff

Gregory L. Morris (ASB-0592-R73G)

867 Honeysuckle Dr.

Fultondale, AL 35068

<u>Defendant's Address:</u>

22624 Alice Lane

Fairhope, AL 36532