**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| **FRANCIS PAUL RIPP** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 1:17CV00568-WS-B** |
| **JACK BURRELL, IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY** | **DEFENDANT** |

**AMENDED ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Jack Burrell in his official capacity and individually, through counsel, answer the Plaintiff's Complaint, each count and cause of action contained therein, separately and severally, as follows:

**PRELIMINARY STATEMENT**

The Complaint mixes factual allegations with allegations containing legal argument and conclusions which require no response. Admissions or denials of such allegations are, accordingly, difficult or impossible. Further, many of the allegations of the Complaint are overly broad, vague, conclusory, and include terms which are not defined, not used by Defendants, and are susceptible to different interpretations and meanings.1  Accordingly, by way of a general

---

1 There is no such thing as a "violation of 42 U.S.C.1983.

Count IV of the Complaint is entitled "Violation of 42 U.S.C.1983." A valid Section 1983 claim alleges both that the plaintiff was deprived of a right secured by the Constitution or laws of the United States, and that the defendant deprived him of this right under color of state law. See *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). It is well-established that Section 1983 only "provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor,* 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Section 1983 does not create any substantive rights, and thus "one cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). To the extent that the Plaintiff is purporting to state a cause of action solely for the "violation of 42 U.S.C.1983," this cause of action must be dismissed.

response, all allegations are denied unless specifically admitted. Additionally, any factual allegation is admitted only with respect to the specific facts and not as to any conclusions, characterizations, implications, or speculations which are contained in the Complaint as a whole.

**AND NOW**, with full reservation of rights, Defendants answers the particular allegations of the Complaint as follows:

## JURISDICTION

1. Referring to Paragraph 1 of Plaintiff's Complaint, Defendants admits Plaintiff's jurisdictional assertions. However, to the extent that any language of Paragraph 1 implies any wrongdoing the Defendants denies the material allegations and demands strict proof thereof.

## VENUE

2. Referring to Paragraph 2 of Plaintiff's Complaint, admitted.

## PARTIES

3. Referring to Paragraph 3 of Plaintiff's Complaint, Defendants deny the material allegations.

4. Referring to Paragraph 4 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants admit that Defendant Jack Burrell is the City Council President and has been sued in both his official and individual capacity.

## STATEMENT OF FACTS

5. Referring to Paragraph 5 of Plaintiff's Complaint, Defendants admit that the City of Fairhope has two regularly scheduled council meetings a month and that the city video records their meeting.

6. Referring to Paragraph 6 of Plaintiff's Complaint, Defendants admit that the

Council President presides over council meetings.

7. Referring to Paragraph 7 of Plaintiff's Complaint, Defendants admit only that the City Council had a meeting on August 28, 2017. To the Extent that the exhibits referenced in Paragraph 7 are intended to imply any wrongdoing on the part of the responding Defendants, said allegations are denied. The Defendants further respond that said exhibits speak for themselves.

8. Referring to Paragraph 8 of Plaintiff's Complaint, Defendants admit that Plaintiff attended the August 28, 2017, City Council meeting.

9. Referring to Paragraph 9 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

10. Referring to Paragraph 10 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

11. Referring to Paragraph 11 of Plaintiff's Complaint, admitted.

12. Referring to Paragraph 12 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

13. Referring to Paragraph 13 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

14. Referring to Paragraph 14 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

15. Referring to Paragraph 15 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

## FIRST CAUSE OF ACTION
## VIOLATION OF ORDINANCE NO. 2587

16. Referring to Paragraph 16 of Plaintiff's Complaint, Defendants incorporate by reference all proceeding paragraphs as if fully restated here.

17. Referring to Paragraph 17 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof. Furthermore, Paragraph 17 asserts a conclusion of law that is denied; the Ordinance in question (identified as exhibit 4) when read in its entirety is the best evidence of its contents.

18. Referring to Paragraph 18 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof. Furthermore, Paragraph 18 asserts a conclusion of law that is denied; the Ordinance in question when read in its entirety is the best evidence of its contents.

19. Referring to Paragraph 19 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof. Furthermore, Paragraph 19 asserts a conclusion of law that is denied; the Ordinance in question when read in its entirety is the best evidence of its contents.

20. Referring to Paragraph 20 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

21. Referring to Paragraph 21 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

22. Referring to Paragraph 22 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

23. Referring to Paragraph 23 of Plaintiff's Complaint, Defendants deny the material

allegations as written and demand strict proof thereof.

24. Referring to Paragraph 24 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

25. Referring to Paragraph 25 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof. Furthermore, Paragraph 25 asserts a conclusion of law that is denied.

The Paragraph entitled WHEREFORE, PREMISES CONSIDERED of Plaintiff's Complaint, is an unnumbered paragraph and contains a prayer for relief, thus, no response is required from Defendants. However, should a response be required, then Defendants deny that Plaintiff is entitled to any of the relief that Plaintiff seeks.

## SECOND CAUSE OF ACTION
## VIOLATION OF DEPRIVATION
## OF RIGHTS GUARENTEED BY THE FIRST AMENDMENT

26. Referring to Paragraph 26 of Plaintiff's Complaint, Defendants incorporate by reference all proceeding paragraphs as if fully restated here.

27. Referring to Paragraph 27 of Plaintiff's Complaint, admitted.

28. Referring to Paragraph 28 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

29. Referring to Paragraph 29 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants deny the material allegations and demand strict proof thereof.

30. Referring to Paragraph 30 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants deny the material

allegations and demand strict proof thereof.

31. Referring to Paragraph 31 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants deny the material allegations and demand strict proof thereof.

32. Referring to Paragraph 32 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof. Furthermore, Paragraph 32 asserts a conclusion of law that is denied.

33. Referring to Paragraph 33 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

34. Referring to Paragraph 22 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

35. Referring to Paragraph 35 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

36. Referring to Paragraph 36 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

37. Referring to Paragraph 37 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

38. Referring to Paragraph 38 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

39. Referring to Paragraph 39 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants deny the material allegations and demand strict proof thereof.

40. Referring to Paragraph 40 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

41. Referring to Paragraph 41 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

42. Referring to Paragraph 42 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants deny the material allegations and demand strict proof thereof.

43. Referring to Paragraph 43 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants deny the material allegations and demand strict proof thereof.

The Paragraph entitled WHEREFORE, PREMISES CONSIDERED of Plaintiff's Complaint, is an unnumbered paragraph and contains a prayer for relief, thus, no response is required from Defendants. However, should a response be required, then Defendants deny that Plaintiff is entitled to any of the relief that Plaintiff seeks.

### THIRD CAUSE OF ACTION
### DEPRIVATION OF RIGHTS
### GUARENTEED BY THE FOURTEENTH AMENDMENT

44. Referring to Paragraph 44 of Plaintiff's Complaint, Defendants incorporate by reference all proceeding paragraphs as if fully restated here.

45. Referring to Paragraph 45 of Plaintiff's Complaint, Paragraph 45 does not appear to make any allegations against the Defendants that warrant a response. However, to the extent that such a response is required, Defendants assert that Paragraph 45 is an incomplete and inaccurate conclusion of law that is denied as written.

7

46.     Referring to Paragraph 46 of Plaintiff's Complaint, Paragraph 46 does not appear to make any allegations against the Defendants that warrant a response. However, to the extent that such a response is required, Defendants assert that Paragraph 46 is an incomplete and inaccurate conclusion of law that is denied as written.

47.     Referring to Paragraph 47 of Plaintiff's Complaint, Paragraph 47 does not appear to make any allegations against the Defendants that warrant a response. However, to the extent that such a response is required, Defendants assert that Paragraph 47 is an incomplete and inaccurate conclusion of law that is denied as written.

48.     Referring to Paragraph 48 of Plaintiff's Complaint, Paragraph 48 does not appear to make any allegations against the Defendants that warrant a response. However, to the extent that such a response is required, Defendants assert that Paragraph 48 is an incomplete and inaccurate conclusion of law that is denied as written.

49.     Referring to Paragraph 49 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof. However, it is admitted that the City Council President presides over the City Council meetings when present in accordance with City Ordinances.

50.     Referring to Paragraph 50 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

51.     Referring to Paragraph 51 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

52.     Referring to Paragraph 52 of Plaintiff's Complaint, Defendants deny the material allegations as written and demand strict proof thereof.

53. Referring to Paragraph 53 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants deny the material allegations and demand strict proof thereof.

54. Referring to Paragraph 54 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants deny the material allegations and demand strict proof thereof.

55. Referring to Paragraph 55 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants deny the material allegations and demand strict proof thereof.

56. Referring to Paragraph 56 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants deny the material allegations and demand strict proof thereof.

57. Referring to Paragraph 57 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants deny the material allegations and demand strict proof thereof.

The Paragraph entitled WHEREFORE, PREMISES CONSIDERED of Plaintiff's Complaint, is an unnumbered paragraph and contains a prayer for relief, thus, no response is required from Defendants. However, should a response be required, then Defendants deny that Plaintiff is entitled to any of the relief that Plaintiff seeks.

### FOURTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. §1983

58. Referring to Paragraph 58 of Plaintiff's Complaint, Defendants incorporate by reference all proceeding paragraphs as if fully restated here.

59. Referring to Paragraph 59 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

60. Referring to Paragraph 60 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

61. Referring to Paragraph 61 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

62. Referring to Paragraph 62 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

63. Referring to Paragraph 63 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

64. Referring to Paragraph 64 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants deny the material allegations and demand strict proof thereof.

65. Referring to Paragraph 65 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

66. Referring to Paragraph 66 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants deny the material allegations and demand strict proof thereof.

67. Referring to Paragraph 67 of Plaintiff's Complaint, Defendants are without sufficient information to respond to the allegations; therefore, Defendants deny the material allegations and demand strict proof thereof.

68. Referring to Paragraph 65 of Plaintiff's Complaint, Defendants deny the material

allegations and demand strict proof thereof.

69. Referring to Paragraph 69 of Plaintiff's Complaint, Paragraph 69 does not appear to make any allegations against the Defendants that warrant a response. However, Defendants assert that to the extent Paragraph 69 implies any wrongdoing on behalf of this defendant said allegation are denied as written and Defendants demand strict proof thereof.

The Paragraph entitled WHEREFORE, PREMISES CONSIDERED of Plaintiff's Complaint, is an unnumbered paragraph and contains a prayer for relief, thus, no response is required from Defendants. However, should a response be required, then Defendants deny that Plaintiff is entitled to any of the relief that Plaintiff seeks.

## FIFTH CAUSE OF ACTION
## TORT OF OUTRAGEOUS CODUCT

70. Referring to Paragraph 70 of Plaintiff's Complaint, Defendants incorporate by reference all proceeding paragraphs as if fully restated here.

71. Referring to Paragraph 71 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

72. Referring to Paragraph 72 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

73. Referring to Paragraph 73 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

74. Referring to Paragraph 74 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

75. Referring to Paragraph 75 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

76.     Referring to Paragraph 76 of Plaintiff's Complaint, Defendants deny the material allegations and demand strict proof thereof.

77.     Referring to Paragraph 77 of Plaintiff's Complaint, Defendants incorporate by reference all proceeding paragraphs as if fully restated here.

The Paragraph entitled WHEREFORE, PREMISES CONSIDERED of Plaintiff's Complaint, is an unnumbered paragraph and contains a prayer for relief, thus, no response is required from Defendants.   However, should a response be required, then Defendants deny that Plaintiff is entitled to any of the relief that Plaintiff seeks.

**FOR FURTHER RESPONSE,** Defendants respectfully asserts the following defenses:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief can be granted.   Therefore, Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Defendants reserve the right to supplement and amend these pleadings as necessary.

### THIRD DEFENSE

Plaintiff's Complaint fails to state facts against the Defendant which amount to violations of constitutional laws of the United States.

### FOURTH DEFENSE

The Defendant is entitled to and hereby claims absolute immunity under the circumstances of this case or, alternatively, qualified immunity.

**FIFTH DEFENSE**

Plaintiff=s statements, if any, were not a matter of public concern.

**SIXTH DEFENSE**

Defendant did not impermissibly restrict the speech of the Plaintiff.

**SEVENTH DEFENSE**

Plaintiff was not prevented from speaking freely on issues of public concern.

**EIGHTH DEFENSE**

Plaintiff=s right to free speech was not deprived by any person under color of state law.

**NINTH DEFENSE**

Plaintiff=s alleged free speech was not a factor in Defendant=s decision to deny permission to address the Fairhope City Council.

**TENTH DEFENSE**

Suit against the Jack Burrell in his official capacity is the same as suit against the City of Fairhope, Alabama.

**ELEVENTH DEFENSE**

Plaintiff fails to allege a violation of any policy, custom, or practice for which the City of Fairhope, Alabama would be responsible.

**TWELFTH DEFENSE**

Any injuries suffered by Plaintiff, if any, arising out of this incident were caused by, contributed to or aggravated by Plaintiff=s own wrongful actions and/or actions of others not made Defendant to this action.

13

## THIRTEENTH DEFENSE

Plaintiff's damages, if any, were proximately caused or contributed to by Plaintiff=s negligent and/or intentional violations of established rules, procedures and/or guideline.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## FIFTEENTH DEFENSE

The Defendant pleads all applicable statute of limitations.

## SIXTEENTH DEFENSE

The actions of any persons or entities associated with the Defendant were reasonable and justified under the circumstances.

## SEVENTEENTH DEFENSE

Plaintiff=s damages, if any, were proximately caused or contributed to by Plaintiff=s negligent and/or intentional violations of established rules, procedures, or guidelines.

## EIGHTEENTH DEFENSE

Plaintiff did not suffer any violation of a clearly established constitutional right, nor was any act or omission on part of the Defendant a proximate cause of any alleged constitutional violation or any form of damages.

## NINETEENTH DEFENSE

Defendants affirmatively plead and assert that Plaintiff's damages claim is subject to any applicable statutory or jurisprudential limitations on such damages.

## TWENTIETH DEFENSE

Defendants affirmatively pleads and asserts that it is not liable for punitive damages and

14

further pleads the limitations on punitive damages provided by statute, including, but not limited to, Sections 6-11-21 and 6-11-26 of the Code of Alabama.

### TWENTY-FIRST DEFENSE

Defendants are entitled to all reasonable damages, attorney's fees, and costs allowed by statute, jurisprudential precedent, or deemed appropriate by this Honorable Court which authorize recovery of damages, attorney fees, and costs incurred due to the allegations asserted by Plaintiff against Defendants.

### TWENTY-SECOND DEFENSE

Defendants respectfully avers that if Plaintiff suffered any damages, which is again denied, then Defendants plead the affirmative defense of limitation of damages provided by statute for governmental entities in Alabama, including, but not limited to, Section 11-93-2 of the Code of Alabama.

### TWENTY-THIRD DEFENSE

Defendants aver that Plaintiff has failed to utilize and exhaust all available administrative remedies, procedures, and processes prior to filing this cause of action.

### TWENTY-FOURTH DEFENSE

Defendants plead all applicable defenses of immunity, including, but not limited to the following:   the limitations set forth in Section 11-47-190 of the Alabama Code, sovereign immunity, discretionary function immunity, absolute immunity, state actor immunity, substantive immunity, qualified immunity, and Eleventh Amendment immunity.

### TWENTY-FIFTH DEFENSE

Defendants aver that Plaintiff has failed to comply with the notice requirements set forth in Section 11-47-192 of the Alabama Code.

### TWENTY-SIXTH DEFENSE

Defendants plead waiver.

### TWENTIETH -SEVENTH DEFENSE

Plaintiff's request for compensatory, punitive, exemplary damages, and any sort of injunctive relief are not available because Defendants acted in a manner that was proper, reasonable, lawful, and in the exercise of good faith.

### TWENTY-EIGHTH DEFENSE

Plaintiff does not describe the action with sufficient particularity to enable Defendants to determine all defenses which ultimately may exist to the claims of Plaintiff.   Defendants therefore reserve the right to assert additional defenses which may later be discovered to be applicable.

### TWENTY-NINTH DEFENSE

Furthermore, Defendants give notice that they intend to rely on any such other defense as the defenses become available by law or during discovery proceedings.   Defendants reserve their rights to amend their Answer to assert any such defenses.

### THIRTIETH DEFENSE

Defendants allege that because the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable.   Accordingly,

Defendants therefore reserve their rights to assert additional defenses to the extent that such defenses are applicable.

### THIRTY-FIRST DEFENSE

Any and all allegations not specifically admitted are denied.

### THIRTY-SECOND DEFENSE

AND NOW, having fully answered the Complaint, the Defendant request that they be granted Qualified Immunity and the Complaint be dismissed with prejudice with all costs and attorney's fees assessed against the Plaintiff.

Respectfully submitted,

Attorneys for Defendant,
JACK BURRELL IN HIS OFFICIAL AND INDIVIDUAL CAPCITY:

    s/Colin D. Sherman
Colin D. Sherman (ASB-3110-O72S)

OF COUNSEL:

SHERMAN & LACEY, LLP
P.O. Box 3062
Mobile, AL. 36652-3062
Telephone:   (251) 930-5415
Facsimile:   (251) 252-7794
csherman@shermanlaceylaw.com

### REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 12, 2018, I filed this document electronically with the Clerk of Court using the ECF system, which will send notification of the filing to the following:

Gregory L. Morris, Esq.
Attorney for Plaintiff
867 Honeysuckle Dr.
Fultondale, Alabama 35068

and that I served this document by U.S. Mail, properly addressed and first-class postage prepaid, to the following non-ECF system participants:   Not applicable

            /s/ Colin D. Sherman
            COLIN D. SHERMAN