IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANCIS PAUL RIPP,** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 17-00568-WS-B |
| | * | |
| **JACK BURRELL,** | * | |
| | * | |
| Defendant | * | |

**PROTECTIVE ORDER**

1. As used in this order, the term "confidential discovery material" means documents and other information provided in the course of discovery of this action that are designated as **"Confidential"** pursuant to the terms of this order.

2. Documents or other discovery material may be designated as **"Confidential"** if it consists of or includes personal, private information about Plaintiff, Defendant, family members of Plaintiff, family members of Defendant, or other non-party individuals or entities, any trade secret or confidential proprietary or commercial information, and any information protected from disclosure by any privacy law, including, but not limited to, any such information relative to either Plaintiff's or Defendant's tax records, financial records, medical records, as well as any other type of information given confidential status by the Court.  With respect to the confidential or trade secret portion of any documents or material, other than deposition transcripts and exhibits, the producing party may designate the portion as confidential discovery material by stamping or otherwise clearly marking the protected page, passage, or item as **"Confidential"** in such a manner that will not interfere with legibility or audibility.

3.  This Protective Order is intended to comport with the requirements of the Health Insurance Portability and Accountability Act ("HIPAA"). Any identifiable health information shall be automatically deemed **"Confidential"** and shall be treated as confidential discovery material under the terms of this order, without being stamped as **"Confidential"** by the producing party. Nothing in this order shall prevent a party from objecting that documents do not contain individually identifiable health information or are not otherwise subject to the requirements of HIPAA. In addition to the other requirements of this Protective Order, such documents shall be used solely for the purpose of pursuing, defending, or resolving this litigation and shall be returned to the producing party, or if the information pertains to a plaintiff, then it shall be returned only to that plaintiff's counsel, including all copies or duplicates, within 30 days of final resolution of this litigation.

4.  With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for confidential discovery material, in which case the transcript of the question or answer shall be bound in a separate volume and marked **"Confidential Information Governed by Protective Order"** by the court reporter. For convenience, the parties may agree that entire deposition transcripts shall be treated as confidential discovery material.

5.  If at any time prior to the trial of this action a party realizes that previously undesignated documents or other material should be designated as confidential discovery material, the party may so designate by advising all other parties in writing. The designated documents or material will thereafter be treated as confidential discovery material pursuant to this order.

6.  Any person subject to this order who receives any confidential discovery material in the course of discovery in this action shall not disclose such confidential discovery material to anyone else except as expressly permitted by this order.

7. No person subject to this order other than the designating party shall disclose any confidential discovery material to any other person, except as follows:

    (a) counsel for the parties in this action, including any paralegal, clerical, and other staff employed by counsel for work on this action;

    (b) with respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

    (c) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this order;

    (d) any person retained by a party to serve as an expert, consultant or witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached;

    (e) official court reporters; and

    (f) the court, mediators, and support personnel.

8. Prior to any disclosure of confidential discovery material to any person referred to in subparagraphs (c) or (d) of paragraph 7 above, the person shall be provided by counsel with a copy of this protective order and shall sign a non-disclosure agreement in the form attached as Exhibit 1 hereto. The non-disclosure agreement will state that the person has read this order and agrees to be bound by its terms. All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them. At the conclusion of this action, upon a showing of good cause and necessity, any party may seek an order requiring production of non-disclosure

agreements, but nothing in this order is intended to modify or shift any burden of proof or privilege relating to the motion or authorize discovery of experts or their identities.

9. Any party objecting to any designation of confidentiality, or requesting further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for interested parties a written notice stating with particularity the reasons for the objection or request. If agreement cannot promptly be reached, the dispute will be submitted to the court. Until a dispute is resolved, the material designated as **"Confidential"** shall remain as confidential discovery material pursuant to this order.

10. The court retains discretion to deny confidential treatment to any documents or discovery material submitted in connection with any motion, application, proceeding or paper that may result in an order or decision by the court.

11. Each person who has access to confidential discovery materials shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material.

12. After the final disposition of this action, the party who has received confidential discovery material may retain the confidential discovery materials for a period of two years after the final disposition of this action or may either (i) promptly return the confidential discovery material, and all copies, to the producing party or (ii) destroy the confidential discovery material and all copies. Two years after final disposition of this action, the party who has received confidential discovery material shall either return the confidential discovery material and all copies to the producing party or shall destroy the confidential discovery material and all copies.

13. This order shall NOT survive the termination of this action. ~~The court shall retain jurisdiction over all persons and parties subject to this order to the extent necessary to modify this order, enforce its obligations, or to impose sanctions for any violation.~~

14. Nothing in this order shall prevent any party from seeking further or additional protection, or removing protection, for confidential discovery material.

15. Additional parties may be added to this action as allowed under the applicable Rules of Civil Procedure. Before receiving confidential discovery material, a new party must agree to be bound by the terms of this order as if the party had stipulated to it at the time of entry. No newly added party shall have access to confidential discovery material until the party is subject to the terms of this order.

16. If one party desires to file or offer into evidence any document or transcript that has been designated as confidential, that party must provide the other party with at least five (5) business days advance notice. Counsel for the designating party must promptly move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The documents shall continue to be treated in accordance with the provisions of this Order until the motion is ruled upon.

Dated this ___30TH___ day of ___April___, 2018.

United States Magistrate Judge Sonja F. Bivins
Digitally signed by United States Magistrate Judge Sonja F. Bivins
DN: cn=United States Magistrate Judge Sonja F. Bivins, o=Federal Judiciary, ou=U.S. District Court Southern District Of Alabama, email=efile_bivins@alsd.uscourts.gov, c=US
Date: 2018.04.29 15:01:28 -06'00'

UNITED STATES MAGISTRATE JUDGE