IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANCIS PAUL RIPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0568-WS-B |
| | ) |
| JACK BURRELL, etc., | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on the named defendant's motion to enforce a settlement agreement. (Doc. 28). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 29, 32, 34), and the motion is ripe for resolution.[1]

The plaintiff brought this action against Jack Burrell, both individually and in his official capacity as president of the city council ("the Council") of the City of Fairhope ("the City"). (Doc. 15 at 1-2). The amended complaint asserts that when the plaintiff, a City resident, approached the podium to speak at a Council meeting, Burrell denied him the opportunity to speak, verbally assaulted him, called for the police chief to escort him to his seat, and threatened him with jail. (*Id*. at 2-3). The amended complaint asserts claims under Section 1983 for violations of the plaintiff's federal constitutional rights and additional claims under state law.

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it."

---

[1] Neither side having requested an evidentiary hearing, and neither side having raised any question regarding the content, meaning or reliability of the submitted evidentiary materials, the Court resolves the motion without a hearing. The plaintiff's request for oral argument, (Doc. 32 at 3), construed as a motion for such relief, is **denied**. Civil Local Rule 7(h).

*Massachusetts Casualty Insurance Co. v. Forman*, 469 F.2d 259, 260 (5th Cir. 1972). Burrell argues that the parties, through counsel, engaged in settlement negotiations by e-mail that culminated in the plaintiff's acceptance of an offer, resulting in an enforceable settlement agreement. After careful review, the Court concludes that Burrell has failed to show that all necessary parties agreed to, and were bound by, identical terms. The Court therefore concludes that no enforceable settlement agreement has been demonstrated.

As noted, the named defendant is Burrell in not only his individual capacity but also his official capacity. In such a suit, "the real party in interest is the entity." *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1579 (11th Cir. 1994) (internal quotes omitted). Thus, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. (internal quotes omitted). Because both the City and the Council plainly had notice of this lawsuit and an opportunity to respond, one or both must be treated as a defendant.[2]

Defense counsel, as well as the Council/City, recognized that settlement required the mutual agreement of the plaintiff, Burrell *and* the relevant entity. In his first e-mail following an unsuccessful settlement conference with the Magistrate Judge, defense counsel referenced "our side as a whole" and stated that "if we can get *our side* to *collectively agree* to the settlement proposal on the table when we all left Magistrate [Judge] Bivins' courtroom last Monday, *then we have a deal*." (Doc. 28-1 at 2 (emphasis added)). This language makes clear that there would be no enforceable settlement agreement unless the plaintiff, Burrell and the relevant entity all agreed to the same terms.

Over the next two days, counsel traded a number of e-mails, resulting in movement toward agreement (a dropped demand for a public apology, an increase

---

[2] The proper defendant is likely the City, since the Council acts for the City as its legislative body. However, it is unnecessary for the Court to resolve that issue in order to resolve the instant motion.

in compensation).  (Docs. 28-1 to-5).  It is less clear whether any mutual understanding was reached regarding the precise content of a release, but the Court assumes for the present that there was.  No binding agreement was reached, however, because defense counsel had already advised plaintiff's counsel that "the settlement needs to be approved by the Council at the next executive session, which is on May 15th."  (Doc. 28-3).  Counsel continued, "That being said, we feel fairly confident that the Council should be receptive to *our recommendation* of settlement so if you can get Mr. Ripp to sign off on the settlement, then our job will be made all the easier."  (*Id.* (emphasis added)).

It is plain from this statement that the defense "side as a whole" had yet to "collectively agree" to settle on the terms the plaintiff had allegedly agreed to, and without such collective agreement it was understood that "we [do not] have a deal."  It may be that Burrell in his individual capacity had agreed to the same terms as the plaintiff but, until approval by the Council in executive session (which never occurred before the plaintiff withdrew his agreement on May 7 or 8), there was on the table only counsel's "recommendation" of settlement.  It may also be that the Council/City had indicated to defense counsel a willingness to enter an agreement on the terms allegedly agreed to by the plaintiff, but the above e-mails make clear that the Council/City had delayed until May 15 its actual decision whether to agree to the settlement and its terms.

Burrell asks that the Court apply Alabama law in determining whether an enforceable settlement agreement exists.  (Doc. 28 at 1).  A settlement agreement is a contract and subject to ordinary rules regarding the formation and enforcement of contracts.  *E.g., Jones v. Bullington*, 401 So. 2d 740, 741 (Ala. 1981).  A purported contract lacking mutuality of obligation is void.  *E.g., Macon County Greyhound Park, Inc. v. Knowles*, 39 So. 3d 100, 108 (Ala. 2009).  Burrell claims that the plaintiff was bound by the terms to which he agreed on May 4.  The plaintiff could not be bound, however, unless all other parties were at the same time equally bound.  The Council/City was not so bound, because it postponed any

decision to agree until May 15.  Because it was understood that there was "no deal" until the Council/City "collectively agree[d]" with Burrell and the plaintiff on all terms, and because the Council/City withheld agreement until May 15, there was no enforceable settlement agreement, and the plaintiff was free to retract his consent on May 7 or 8.  (Doc. 32-1 to -2).[3]

For the reasons set forth above, the motion to enforce settlement is **denied**.

DONE and ORDERED this 8th day of June, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] The Court assumes the plaintiff could lawfully bargain away his right to retract his agreement prior to the Council/City's May 15 meeting, but Burrell presents no argument or evidence that he did so or that any such agreement not to withdraw was supported by consideration so as to render it enforceable.